Guy D. Knoller - #002803
Law Offices of Guy David Knoller, P.L.L.C.
7321 North 16th Street
Phoenix, Arizona 85020
(602) 254-6044
E-Mail: guydknoller@gmail.com


Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ALECIA WINTERS,, | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| | ***JURY TRIAL DEMANDED*** |
| LINCOLN PROPERTY COMPANY dba LINCOLN APARTMENT MANAGEMENT LIMITED PARTNERSHIP; LINCOLN BP MANAGEMENT, INC.; DAN M. JACKS; KRISTIE FOUSHEE; JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff alleges as follows:

### FIRST CLAIM FOR RELIEF
(FAIR LABOR STANDARDS ACT)

1.     Plaintiff is a resident of Maricopa County, Arizona.

2.     Defendant Lincoln Property Company dba Lincoln Apartment Management

Limited Partnership is a foreign partnership operating in Maricopa County, Arizona,

3.    Defendant Dan M. Jacks is a resident of Texas.

4.     Defendant Kristie Foushee is a resident of Maricopa County, Arizona.

5.    Defendant BP Management, Inc. is the general partner of Defendant Lincoln Apartment Management Limited Partnership located in Texas.

6.    Jurisdiction is based upon 29 U.S.C. §216(b).

7.    Defendants Dan M. Jacks, Kristie Foushee and Defendants John Doe 1-10 (whose identities are presently unknown) are personally liable as "employers" pursuant to 29 U.S.C. §203(b).

8.    Plaintiff worked for Defendant Lincoln Property Company dba Lincoln Property Management Limited Partnership (hereinafter referred to as "Lincoln") from approximately November 2014 until on or about December 22, 2014.

9.    Plaintiff was not paid overtime, at the rate of one and one-half her hourly rate of pay for all hours worked in excess of 40 each week.

10.    Plaintiff was not exempt under the Fair Labor Standards Act.

11.    Plaintiff  worked approximately 10 hours of overtime for which she was not paid.

12.    Defendants' conduct was willful.

13.    Plaintiff is entitled to overtime at the rate of time and one-half for all hours worked in excess of 40 for each week.

14.    Plaintiff is entitled to liquidated damages.

15.    Plaintiff is entitled to attorneys fees and costs pursuant to 29 U.S.C. §216(b).

16.     Plaintiff complained about not being paid overtime and for lunch periods during which she was required to work.

17.     Instead of resolving Plaintiff's complaint about not being paid overtime she was retaliated against in violation of the Fair Labor Standards Act by being terminated.

18.     Plaintiff has lost income as a result of her retaliatory discharge.

19.     Defendants also violated the record keeping requirements of the FLSA.

WHEREFORE Plaintiff requests:

1.     Damages for unpaid overtime pay with interest;

2.     For liquidated damages;

3.     For lost wages;

4.     For reasonable attorneys fees and costs incurred herein; and,

5.     Such other relief that this Court deems appropriate.

## SECOND CLAIM FOR RELIEF
(ARIZONA MINIMUM WAGE  STATUTE)

1.     The preceding allegations of the Complaint are incorporated by reference herein.

2.     Plaintiff was not paid minimum wage for all hours worked in violation of the Arizona Minimum Wage Statute, A.R.S. §23-362 *et seq.*

3.     Plaintiff was terminated in retaliation for complaining about not being paid for all time worked.

4.     Plaintiff's discharge was wrongful and against the public policy of the State of Arizona.

5.     Defendants' conduct was willful and in complete disregard of her statutory rights entitling her to a punitive damage award.

6.     Plaintiff is entitled to a presumption of retaliatory discharge pursuant to A.R.S. §23-364 and $150 per day from her discharge until judgment.

7.     Plaintiff is entitled to attorney fees and costs pursuant to A.R.S. §23-364.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally as follows:

1.     For damages in an amount to be determined at trial;

2.     For liquidated damages;

3.     For $150 per day until judgment;

4.     For punitive damages;

3.     For reasonable attorneys fees and costs incurred herein; and,

4.     For such other relief as this Court deems appropriate.

DATED this 9th day of January 2015.


/s/ Guy D. Knoller
Guy D. Knoller
Attorney for Plaintiff

4